UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Prairie Son Properties, LLC, | C/A No.: |
| Plaintiff, | 2:17-cv-2620-PMD |
| v. | **COMPLAINT** |
| Weeks & Irvine, LLC and Stewart Title Guaranty Company, | **(NON-JURY TRIAL DEMANDED)** |
| Defendants. | |

Plaintiff Prairie Son Properties, LLC, complaining of the Defendants, does hereby allege and state as follows:

## THE PARTIES

1. Prairie Son Properties, LLC ("PSP") is a limited liability company organized and existing under the laws of the State of Georgia.

2. Defendant Weeks & Irvine, LLC ("Weeks & Irvine") is a is a limited liability company organized and existing under the laws of the State of South Carolina and is further a law firm comprised of licensed South Carolina attorneys. The allegations below against Weeks & Irvine were a result of the actions or inactions of the licensed attorneys and staff of the firm.

3. Defendant Stewart Title Guaranty Company ("Stewart") is, upon information and belief, a for-profit corporation organized and existing under the laws of the State of Texas and may or may not be registered with the South Carolina Secretary of State to transact business in the State of South Carolina.

## JURISDICTION AND VENUE

4. This District Court has jurisdiction over the subject matter of this action and over the parties to this action pursuant to Federal and South Carolina law.

5. Jurisdiction is also proper pursuant to 28 U.S.C. § 1332, as there exists complete diversity between the Plaintiff and the Defendants, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

6. Venue is proper in the United States District Court for the District of South Carolina and the Charleston Division, specifically, pursuant to 28 U.S.C. § 1391(b)(2) and Local Civil Rule 3.01 (D.S.C.) because a substantial part of the events or omissions giving rise to the claims herein occurred in Charleston County, South Carolina and within the District, and both Defendants do business relating to the events or omissions alleged in Charleston County, South Carolina and within the District.

## THE FACTS

7. This case is both a legal malpractice case and a case against a title insurer for refusing to pay title insurance proceeds to the Plaintiff.

8. In March of 2016, PSP committed to lend and did lend the sum of $400,000.00 to Moss Construction of the Lowcountry, LLC ("Moss") under a commercial loan agreement for the term of twelve (12) months.

9. In March of 2016, the law firm of Weeks & Irvine was engaged to represent PSP with regard to closing the loan from PSP to Moss and for preparing/drafting the necessary loan documents (to include but not limited to the promissory note, mortgage, loan agreement and other documents), recording PSP's mortgage, and issuing a lender's title insurance policy in favor of PSP and also insuring PSP's first priority lien position. Weeks & Irvine also represented Moss in the transaction.

10. The above loan was memorialized and documented in a commitment letter, promissory note, loan agreement and a mortgage. The mortgage granted by Moss was to be a first priority mortgage lien, securing the above indebtedness with the real property commonly known as 68 Gilded Street, Bluffton, SC 29910 (Beaufort County TMS No. R614-046-000-0052-0000) ("Mortgaged Property").

11. The commitment letter and applicable loan documents which Weeks & Irvine were familiar as it drafted them, required PSP to be secured in a first priority lien position with regard to its loan and mortgage and further prohibited the recordation of any junior or senior liens on the subject property.

12. The first priority mortgage granted by Moss to PSP was at all times PSP's identified source of collateral for the loan.

13. The loan at issue was a twelve (12) month loan which matured on April 1, 2017.

14. The licensed lawyers of Weeks & Irvine conducted the settlement of PSP's loan to Moss on March 11, 2016 whereby PSP disbursed the loan proceeds and Weeks & Irvine closed the loan and handled the execution and recording of the mortgage.

15. Also on March 11, 2016, Stewart Title Guaranty Company, by and through its title agent (Lowcountry Title of Charleston, LLC), issued PSP a loan policy of title insurance in the amount of $400,000.00 ("Title Policy").

16. The Title Policy does not identify or except from coverage any other mortgage liens or other liens, thereby insuring PSP to be in a first priority mortgage lien position.

17. Despite Weeks & Irvine's duty and obligation, by and through its licensed attorneys, to timely and promptly record PSP's mortgage and verify its recording position thereafter through a title search update, Weeks & Irvine did not record PSP's mortgage in Beaufort

County, South Carolina until May 23, 2016, seventy-four (74) days after Weeks & Irvine closed the loan transaction and 74 days after Moss had signed and delivered the PSP mortgage at closing and received the loan proceeds from PSP.

18. Weeks & Irvine did not notify PSP of any issue or with regard to any delay in the recording of the mortgage granted to PSP.

19. In June of 2016, Moss defaulted on the loan with PSP.

20. Thereafter, PSP discovered that the mortgage granted to PSP by Moss (which was closed and recorded by Weeks & Irvine) was not recorded until May 23, 2016 and that the PSP mortgage was not in first priority lien position.

21. Rather, the official records from the Beaufort County Register of Deeds show that the PSP mortgage was in fourth lien position and that three (3) other mortgages were granted by Moss and recorded on the Mortgaged Property from the time period of the Moss/PSP closing (March 11, 2016) through the date that Weeks & Irvine finally recorded Moss' mortgage to PSP (May 23, 2016).

22. The result is that PSP is in fourth lien position although it should have been in first lien position, all due to the failure and neglect of Weeks & Irvine to timely and promptly record the PSP mortgage and verify its lien position.

23. PSP has been severely damaged by the negligence of Weeks & Irvine in the failure of Weeks & Irvine to timely record its first priority lien mortgage to ensure it was in first position and failing to verify its lien position. In addition, PSP has been further damaged by the failure to timely record its mortgage to include, but not limited to the following reasons:

   a. Moss' member Joshua Zollweg ("Zollweg") declared Chapter 7 bankruptcy and the

      Bankruptcy Trustee is claiming that Moss is the alter ego of Zollweg by and through an adversarial proceeding;

b. The Chapter 7 Bankruptcy Trustee has filed an adversarial case against Moss and other parties claiming that the Trustee should have priority over PSP by way of various theories through the other three mortgage liens that are in priority over PSP's and which would not have any basis if PSP had its mortgage recorded first as Weeks & Irvine should have done;

c. PSP has spent thousands of dollars in attorney's fees and costs in attempts to unwind its 4th position mortgage from the current process and predicament it finds itself in, which would not have occurred had its mortgage been properly and timely recorded by Weeks & Irvine;

d. PSP has had to suffer extreme delay in foreclosing and collecting its collateral due to the compromised lien position which continues to damage PSP by not being able to foreclose, collect its principal, interest, late fees, attorney's fees and costs;

24. PSP is entitled to judgment against Weeks & Irvine for the principal balance of its loan, all accrued interest on the loan, late fees and all attorney's fees and costs incurred by PSP in attempting to rectify the negligent acts of Weeks & Irvine.

25. Stewart has failed to reimburse PSP for attorney's fees and costs spent by PSP in trying to restore PSP's mortgage to first priority mortgage lien status, which Stewart has insured against.

26. Stewart has failed to pay PSP the policy amount of its insurance policy which insures that PSP is in a first priority mortgage lien status even though PSP has demanded the same for months and months.

27. Stewart has an obligation to pay PSP its insured amount of coverage, plus attorney's fees and costs spent performing Stewart's obligations.

28. Stewart has refused to tender the insured amount of coverage to PSP under dwindling hope that PSP can be restored to a first priority mortgage lien status and Stewart continues to delay payment in hopes that the PSP mortgage can be restored which continues to damage PSP by the accrual of interest, late fees, attorney's fees and costs.

29. Stewart refuses to pay the policy to PSP in bad faith and PSP continues to be damaged, all the while that Stewart will take the position that its ceiling liability to PSP is $400,000.00, even though PSP is damaged in a greater amount at this time.

30. The PSP mortgage and lien position is so compromised that any further delay by Stewart in paying the policy amount to PSP will continue to harm PSP in greater amounts.

31. Stewart refuses to communicate with PSP at this time.

32. The Affidavit of John Freeman, Esq. is attached to this Complaint as **Exhibit A** for compliance with S.C. Code Ann. §15-36-100 et seq.

## FOR A FIRST CAUSE OF ACTION

### Legal Malpractice

*Against Weeks & Irvine, LLC*

33. All of the previous paragraphs are hereby repeated as if they were realleged and restated here verbatim.

34. At all times relevant, PSP and the licensed lawyers of Weeks & Irvine were in an attorney-client relationship and based on such relationship, Weeks & Irvine, by and through one or more of their licensed lawyers, owned duties to PSP.

35. The duties owed by Weeks & Irvine to PSP include but are not limited to, the duty to

possess and to exercise the same degree of care, ability, skill, and learning as would be expected of a reasonable and competent attorney closing real estate loans under the same or similar circumstances and to act and exercise reasonable and ordinary care and diligence with regard to the matter being handled for the client.

36. Weeks & Irvine, by and through one or more of its lawyers, breached these and other implied duties and otherwise acted negligent, grossly negligent and reckless in a number of particulars, including, but not limited to the following:

    a. In failing to provide PSP with competent representation;

    b. In failing to use legal knowledge, skill, thoroughness, preparation and supervision reasonably necessary under the circumstances;

    c. In failing to action with reasonable diligence in the closing of the PSP loan and recording the PSP mortgage;

    d. In failing to protect PSP's interests;

    e. In failing to timely and properly record PSP's mortgage granted by Moss;

    f. In failing to timely and properly record PSP's mortgage granted by Moss to ensure that PSP held a first priority mortgage to secure its loan;

    g. In failing to verify PSP's mortgage lien position following the eventual recording of the PSP mortgage;

    h. In failing to advise PSP as to the status of its mortgage to include the delay in recording and its lien position after recording; and

    i. In such other and further particulars as the evidence in this case, through discovery, may demonstrate.

37. As a direct and proximate result of the conduct of Weeks & Irvine, by and through its

licensed lawyers, PSP does not have a first priority mortgage securing its loan, which is in default, and which PSP is unable to foreclose from a first priority mortgage position. In addition, as a direct and proximate result of the conduct of Weeks & Irvine, PSP is now exposed to a protracted and expensive bankruptcy proceeding whereby other mortgage lien holders and the bankruptcy trustee are claiming priority over the PSP mortgage.

38. PSP is entitled to actual, special, consequential and punitive damages against Weeks & Irvine, in the amount to be proven at trial and in an amount sufficient to compensate PSP for its loss of the principal loan, interest, late fees, attorney's fees and costs in trying to unwind Weeks & Irvine's negligent acts and in protecting itself, as well as an amount of punitive damages to impress upon the Defendant the seriousness of the conduct and to deter such similar conduct in the future.

## FOR A SECOND CAUSE OF ACTION

**Breach of Contract / Breach of the Implied Covenant of Good Faith and Fair Dealing**

*Against Stewart Title Guaranty Company*

39. All of the previous paragraphs are hereby repeated as if they were realleged and restated here verbatim.

40. Stewart issued PSP a contract of a loan policy of title insurance, in exchange for the premium paid by PSP, insuring PSP to be in a first priority mortgage lien position.

41. PSP is not in a first priority mortgage lien position, but rather a compromised fourth mortgage lien position.

42. PSP has demanded that Stewart pay PSP the amount of the insurance policy and Stewart has refused to do so.

43. PSP has demanded that Stewart pay PSP for the attorney's fees and costs that PSP spent in

trying to rectify its first priority mortgage lien position and Stewart has refused to do so.

44. Stewart is content on waiting for all bankruptcy matters to be resolved and then pay PSP, but PSP continues to be damaged significantly above and beyond the policy amount.

45. Stewart has breached the terms of the contract and has otherwise and unjustifiably refused to perform and pay the policy amount to PSP.

46. PSP has cooperated with Stewart and has performed its obligations.

47. Under South Carolina law, there exists in every contract entered into or performed in this state an implied covenant of good faith and fair dealing.

48. Stewart is acting in bad faith by refusing to tender the policy amount to PSP.

49. PSP has suffered proximately caused damages based on the breaches of Stewart.

50. PSP prays for an award of damages to be entered against Stewart for actual and consequential damages to include the policy amount, interest, late fees and attorney's fees and costs spent.

## FOR A THIRD CAUSE OF ACTION

### Bad Faith Refusal to Pay Insurance Proceeds

*Against Stewart Title Guaranty Company*

51. All of the previous paragraphs are hereby repeated as if they were realleged and restated here verbatim.

52. There exists a mutually binding title insurance contract between Stewart and PSP.

53. Stewart has unreasonably refused to pay benefits due to PSP under the insurance contract.

54. PSP has repeatedly made demand upon Stewart to pay PSP the benefits due under the title insurance contract which Stewart has refused.

55. After months of PSP paying attorney's fees and costs to defend its first priority mortgage

lien position without the assistance of Stewart and PSP demanding Stewarts participation, Stewart hired counsel to assist PSP, after PSP spent significant sums of money on attorney's fees and costs.

56. Stewart continues to refuse to pay the insurance benefits to PSP and refuses to communicate with PSP as to its demands and payment of the proceeds.

57. The refusal on behalf of Stewart is resulting from Stewart's bad faith and unreasonable action in breach of an implied covenant of good faith and fair dealing arising on the contract.

58. Stewart is simply content in allowing this process to adjudicate the status of PSP's mortgage priority to proceed to for an undetermined length of time, all at the same time of refusing to communicate with PSP, in hopes that Stewart may be able to save some money from the title policy amount, all while PSP continues to suffer damages in the loss of its principle loan, accruing interest, late fees and significant attorney's fees and costs.

59. PSP will assign the title policy of insurance rights to Stewart so that Stewart may continue on this quest, after Stewart pays the policy amount and all incurred costs and attorney's fees to PSP so that PSP is not continuously damaged by the actions and inactions of Stewart.

60. PSP prays for an award and judgment against Stewart for actual, special, consequential and punitive damages, as well as attorney's fees and costs spent, to include those attorney's fees and costs spent in doing what Stewart should have been doing all along.

### FOR A FOURTH CAUSE OF ACTION

**Improper Claims Practice - S.C. Code Ann. §38-59-20**

*Against Stewart Title Guaranty Company*

61. All of the previous paragraphs are hereby repeated as if they were realleged and restated here verbatim.

62. Stewart has committed one or more improper claims practices declared unlawful under S.C. Code Ann. §38-59-20 et seq. including but not limited to:

    a. Providing deceptive or misleading information with respect to coverages;

    b. Failing to acknowledge with reasonable promptness pertinent communications with respect to claims, as well as failing to communicate with reasonable promptness as to the claim;

    c. Failing to adopt, implement or follow reasonable standards for the investigation and communications with respect to claims;

    d. Not attempting in good faith to effect prompt, fair, and equitable settlement of claims arising under its policies; and

    e. Other provisions declared unlawful, based on its conduct to the Plaintiff.

63. Stewart has failed to pay the Plaintiff for its title insurance claim within ninety (90) days after demand.

64. Stewart has refused to pay the Plaintiff's claim without reasonable cause and in bad faith.

65. The Plaintiff is entitled to and prays for all attorney's fees and costs incurred as a result of Stewart's failure to pay the Plaintiff the insurance benefit to be awarded to the Plaintiff, in the amount determined by the trial judge, and to be added to the judgment against Stewart, pursuant to S.C. Code Ann. §38-59-40.

WHEREFORE, the Plaintiff prays to this Honorable Court that it prevail under all theories alleged and be granted actual, consequential, special and punitive damages, interest, late fees, as well as attorney's fees and costs, together with prejudgment interest, and such other and further relief deemed appropriate by the District Court.

Respectfully submitted,

**McCULLOUGH KHAN, LLC**

s/Jamie A. Khan
Jamie A. Khan, Fed. Bar # 10083
Clayton B. McCullough, Fed. Bar # 7120
Ross A. Appel, Fed. Bar # 11434
359 King Street, Suite 200
Charleston, SC 29401
(843) 937-0400
(843) 937-0706 (fax)
Jamie@mklawsc.com

**ATTORNEYS FOR THE PLAINTIFF**