IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Prairie Son Properties, LLC, | ) | Civil Action No.: 2:17-cv-2620-PMD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ANSWER OF DEFENDANT** |
| | ) | **WEEKS & IRVINE, LLC** |
| Weeks & Irvine, LLC and Stewart Title | ) | **(Jury Trial Requested)** |
| Guaranty Company, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The Defendant, Weeks & Irvine, LLC, answering the Complaint of the Plaintiff herein, alleges that:

## FOR A FIRST DEFENSE

1. Defendant denies each and every allegation of the Complaint not specifically admitted.

2. Defendant admits, upon information and belief, the allegations of paragraph 1.

3. Defendant admits only so much of paragraph 2 as alleges that Weeks & Irvine is a limited liability company organized and existing pursuant to the laws of the State of South Carolina, that Defendant is in the business of providing legal services, and that licensed South Carolina attorneys work for the Defendant. Defendant denies so much of the remaining allegations of said paragraph as allege that actions or inactions of Defendants' licensed attorneys and staff proximately caused injuries or damages to Plaintiff.

4. Defendant admits, upon information and belief, the allegations of paragraph 3.

5. The allegations of paragraphs 4, 5 and 6 constitute conclusions of law which Defendant is required neither to admit nor deny.

6. The allegations of paragraph 7 merely constitute a characterization of the nature of the

Complaint, and therefore, no response by this Defendant is required. To the extent that paragraph 7 alleges that Defendant Weeks & Irvine committed legal malpractice that proximately caused damage to the Plaintiff, those allegations are denied.

7. Answering the allegations of paragraph 8, Defendant craves reference to the Commitment Letter dated March 10, 2016 and the Loan Agreement dated March 11, 2016 and it denies all allegations of said paragraph which vary from or contradict the express terms of the Commitment Letter and the Loan Agreement.

8. Answering the allegations of paragraph 9, Defendant admits only so much of said paragraph as alleges that it was engaged to close the loan from Plaintiff to Moss Construction of the Lowcountry, LLC ("Moss"), to draft the loan documents, record the mortgage and issue a title insurance policy. Defendant further admits that it also represented Moss in that closing. It denies the remaining allegations of said paragraph.

9. Answering the allegations of paragraph 10, Defendant admits only so much of said paragraph as alleges that the terms of the agreement between Plaintiff and Moss were set forth in the commitment letter, the promissory note, the loan agreement and the mortgage. As to the allegations of said paragraph describing the contents of the mortgage, Defendant craves reference to the mortgage referenced in said paragraph and it denies all allegations of said paragraph which vary from or contradict the express terms of that mortgage.

10. Answering the allegations of paragraph 11, Defendant craves reference to the Commitment Letter dated March 10, 2016 and the loan documents, and it denies all allegations of said paragraph which vary from or contradict the express terms of the Commitment Letter and the loan documents.

11. Answering the allegations of paragraph 12, Defendant admits only so much of said

paragraph as alleges that the Loan Agreement identified a mortgage on the property located at 68 Gilded Street, Bluffton, SC 29910 (TMS # R614-046-000-0052-0000) as the "Security" for the loan from Plaintiff to Moss, and that paragraph 2.9 of the Loan Agreement provided that said mortgage would be in a first lien position. It denies any remaining allegations of said paragraph.

12. Answering the allegations of paragraph 13, Defendant craves reference to the note dated March 11, 2016, and it denies all allegations of said paragraph which vary from or contradict the express terms of that Note.

13. Defendant admits the allegations of paragraph 14.

14. Defendant admits the allegations of paragraph 15.

15. Answering the allegations of paragraph 16, Defendant craves reference to the Title Policy referenced therein, and it denies all allegations of said paragraph which vary from or contradict the express terms of the Title Policy.

16. Defendant admits only so much of paragraph 17 as alleges that the mortgage from Moss to Plaintiff was not recorded in Beaufort County until on or about May 23, 2016, which was approximately 74 days after the closing and approximately 74 days after Moss had signed the mortgage and received the loan proceeds. The remaining allegations of said paragraph constitute conclusions of law which Defendant is required neither to admit nor deny.

17. Defendant denies the allegations of paragraph 18.

18. Defendant admits, upon information and belief, the allegations of paragraph 19.

19. Defendant admits, upon information and belief, the allegations of paragraph 20.

20. Answering the allegations of paragraph 21, Defendant craves reference to the official records from the Beaufort County Register of Deeds and Defendant denies all allegations

of said paragraph which vary from or contradict the information shown in those records.

21. Answering the allegations of paragraph 22, Defendant admits only so much of said paragraph as alleges that at the time it was recorded that Plaintiff's mortgage was in fourth priority position and not first position. It denies the remaining allegations of said paragraph.

22. Defendant denies the allegations of paragraph 23.

23. Defendant denies the allegations of paragraph 24.

24. The allegations of paragraphs 25, 26, 27, 28, 29, 30 and 31 pertain to Defendant Stewart Title Guaranty Company and therefore, no response by this Defendant is necessary. To the extent that this Defendant is required to respond to the allegations of said paragraph, Defendant lacks knowledge and information sufficient to form a belief as to those allegations, and therefore, it denies the same.

25. The allegations of paragraph 32 merely describe Exhibit A to the Complaint, and therefore, no response by this Defendant is required.

## AS TO THE FIRST CAUSE OF ACTION

26. Answering paragraph 33, Defendant repeats and reiterates the foregoing portions of the within Answer as full as if set forth verbatim herein.

27. Defendant admits the allegations of paragraph 34.

28. The allegations of paragraph 35 constitute conclusions of law which Defendant is required neither to admit nor deny.

29. Defendant denies the allegations of paragraph 36, 37 and 38.

## AS TO THE SECOND CAUSE OF ACTION

30. Answering paragraph 39, Defendant repeats and reiterates the foregoing portions of the

within Answer as full as if set forth verbatim herein.

31. The allegations of paragraphs 40, 41, 42, 43, 44, 45, 46, 47, 48, 49 and 50 pertain to Defendant Stewart Title and therefore, no response from this Defendant is required.

## AS TO THE THIRD CAUSE OF ACTION

32. Answering paragraph 51, Defendant repeats and reiterates the foregoing portions of the within Answer as full as if set forth verbatim herein.

33. The allegations of paragraphs 52, 53, 54, 55, 56, 57, 58, 59 and 60 pertain to Defendant Stewart Title and therefore, no response from this Defendant is required.

## AS TO THE FOURTH CAUSE OF ACTION

34. Answering paragraph 61, Defendant repeats and reiterates the foregoing portions of the within Answer as full as if set forth verbatim herein.

35. The allegations of paragraphs 62, 63, 64 and 65 pertain to Defendant Stewart Title and therefore, no response from this Defendant is required.

## FOR A SECOND DEFENSE

36. Further answering the Complaint, and as an additional defense, the Defendant alleges that the Complaint fails to state a claim upon which relief may be granted, and therefore the Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FOR A THIRD DEFENSE

37. Further answering the Complaint, and as an additional defense, the Defendant alleges that the Complaint should be dismissed because the Plaintiff has not suffered any damages and therefore, Plaintiff may not maintain this action or recover any damages from Defendant.

## FOR A FOURTH DEFENSE

38. Further answering the Complaint, and as an additional defense, the Defendant alleges that the Complaint should be dismissed for lack of subject matter jurisdiction because the Plaintiff has not suffered any damages and therefore, there is no actual case or controversy before the Court.

## FOR A FIFTH DEFENSE

39. Further answering the Complaint, and as an additional defense, the Defendant alleges that the Complaint should be dismissed because the Plaintiff has not suffered any damages and therefore, Plaintiff's claim against Defendant, if any, is not ripe.

WHEREFORE, having fully answered the allegations of Plaintiff's Complaint, Defendant prays that the same be dismissed with costs of this action.

s/John A. Massalon
John A. Massalon (Federal Bar #05227)
WILLS MASSALON & ALLEN LLC
Post Office Box 859
Charleston, South Carolina  29402
(843) 727-1144
jmassalon@wmalawfirm.net

ATTORNEYS FOR DEFENDANT
WEEKS & IRVINE, LLC

CHARLESTON, SC

November 28, 2017