UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Prairie Son Properties, LLC, ) | Civil Action No. 2:17-cv-2620-PMD |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ANSWER OF DEFENDANT** |
| ) | **STEWART TITLE GUARANTY** |
| Weeks & Irvine, LLC and ) | **COMPANY** |
| Stewart Title Guaranty Company, ) | |
| ) | |
| Defendants. ) | |

Defendant Stewart Title Guaranty Company ("STGC"), answering the Complaint of the Plaintiff herein, alleges that:

## FOR A FIRST DEFENSE

1. STGC denies each and every allegation of the Complaint not specifically admitted herein.

2. STGC admits, upon information and belief, the allegations of paragraph 1.

3. STGC admits, upon information and belief, the allegations contained in the first sentence of paragraph 2. The allegations in the 2nd sentence of paragraph 2 pertain to the Defendant Weeks & Irvine, LLC ("Weeks & Irvine"), and therefore no response by STGC is necessary.

4. Responding to the allegations of paragraph 3, STGC admits that it is an entity organized and existing under Texas law and is authorized to engage in the underwriting of title insurance policies in South Carolina and in other states of the Unites States. STGC denies all other allegations of paragraph 3 not specifically admitted herein.

5. The allegations of paragraphs 4, 5, and 6 constitute conclusions of law which STGC is not required to admit or deny.

6. The allegations of paragraph 7 merely constitute Plaintiff's characterization of the nature of the Complaint, and therefore no response by STGC is required. To the extent that paragraph 7 makes allegations against STGC, those allegations are denied.

7. Responding to the allegations of paragraph 8, STGC craves reference to the loan document(s) described therein and denies any allegations inconsistent therewith.

8. The allegations in paragraph 9 pertain to Weeks & Irvine and therefore no response by STGC is necessary. Further responding, STGC admits, upon information and belief, only so much of said paragraph as alleges that Weeks & Irvine was engaged to close the loan from Plaintiff to Moss Construction of the Lowcountry, LLC ("Moss"), to draft the loan documents, record the mortgage, and issue a title insurance policy, and that Weeks & Irvine also represented Moss in the closing. STGC denies the remaining allegations of said paragraph.

9. Responding to paragraph 10, STGC craves reference to the documents described therein and denies any allegations inconsistent therewith.

10. Responding to paragraph 11, STGC craves reference to the document(s) described therein and denies any allegations inconsistent therewith.

11. Responding to paragraph 12, STGC craves reference to the document(s) described therein, and denies any allegations inconsistent therewith.

12. Responding to paragraph 13, STGC craves reference to the document(s) described therein, and denies any allegations inconsistent therewith.

13. The allegations in paragraph 14 pertain to Weeks & Irvine and therefore no response by STGC is necessary. Further responding, STGC admits, upon information and belief, the allegations contained therein.

14. Responding to paragraph 15, STGC admits that it underwrote a title insurance policy bearing policy number M-9302-000865442 (the "Policy"). The Policy speaks for itself, and STGC refers to that document for a complete statement of its terms. STGC denies any allegations in paragraph 15 that are inconsistent with the terms of the Policy.

15. Responding to paragraph 16, STGC craves reference to the Policy, and denies any allegations inconsistent therewith.

16. To the extent paragraph 17 contains conclusions of law and allegations pertaining to Weeks & Irvine, no response by STGC is necessary. Further responding, STGC denies any allegations inconsistent with the documents described in paragraph 17 and Beaufort County public records.

17. Paragraph 18 contains allegations pertaining to Weeks & Irvine, and therefore no response by STGC is necessary. Further responding, STGC lacks information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 18, and therefore denies the same.

18. STGC lacks information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 19, and therefore denies the same.

19. STGC lacks information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 20, and therefore denies the same.

20. Paragraph 21 contains conclusions of law which STGC is not required to admit or deny. Further responding to paragraph 21, STGC craves reference to the documents and public records described therein, and denies any allegations inconsistent therewith.

21. Paragraph 22 contains conclusions of law and allegations pertaining to Weeks & Irvine, to which no response by STGC is necessary. To the extent paragraph 22 contains any allegations of liability or damages pertaining to STGC, STGC denies the same.

22. Paragraph 23 contains conclusions of law and allegations pertaining to Weeks & Irvine, to which no response by STGC is necessary.  Further responding, STGC craves reference to the documents and public records described therein, and denies any allegations inconsistent therewith.  To the extent paragraph 23 contains any allegations of liability or damages pertaining to STGC, STGC denies the same.

23. Paragraph 24 contains conclusions of law and allegations pertaining to Weeks & Irvine, to which no response by STGC is necessary.

24. STGC denies the allegations of paragraph 25, 26, 27, 28, 29, 30, and 31, and craves reference to the Policy.

25. The allegations of paragraph 32 merely describe Exhibit A to the Complaint, and therefore no response from STGC is required.

## AS TO THE FIRST CAUSE OF ACTION

26. Responding to paragraph 33, STGC incorporates the responses of the foregoing paragraphs as if fully set forth herein.

27. Paragraphs 34, 35, 36, 37, and 38 contain conclusions of law and allegations pertaining to Weeks & Irvine, to which no response from STGC is required.  To the extent paragraphs 34-38 contain any allegations of liability or damages pertaining to STGC, STGC denies the same.

## AS TO THE SECOND CAUSE OF ACTION

28. Responding to paragraph 39, STGC incorporates the responses to the foregoing paragraphs as if fully set forth herein.

29. Responding to paragraph 40, STGC admits that it underwrote the Policy, and STGC denies any allegations that are inconsistent with the terms of the Policy.

4

30. Paragraph 41 contains legal conclusions to which no response is required.

31. Responding to paragraph 42, STGC admits that the Plaintiff has made payment demands, to which STGC has responded consistent with the Policy. STGC denies any remaining allegations of paragraph 42.

32. Responding to paragraph 43, STGC admits that the Plaintiff has made payment demands, to which STGC has responded consistent with the Policy. STGC denies any remaining allegations of paragraph 43.

33. STGC denies the allegations contained in paragraphs 44, 45 and 46.

34. Paragraphs 47 contains conclusions of law to which no response is required.

35. STGC denies the allegations contained in paragraphs 48, 49, and 50.

## AS TO THE THIRD CAUSE OF ACTION

36. Responding to paragraph 51, STGC incorporates the responses of the foregoing paragraphs as if fully set forth herein.

37. Responding to paragraph 52, STGC admits that it underwrote the Policy, and denies any allegations inconsistent with the Policy.

38. STGC denies the allegations contained in paragraph 53.

39. Responding to paragraph 54, Stewart admits that the Plaintiff has made payment demands, to which STGC has responded consistent with the Policy. STGC denies any remaining allegations of paragraph 54.

40. Responding to paragraph 55, STGC is informed and believes that the Plaintiff has paid certain attorneys' fees and costs, and STGC admits that it has hired counsel to assist Plaintiff. STGC denies any remaining allegations of paragraph 55.

41.     STGC denies the allegations contained in paragraphs 56, 57, 58, 59, and 60, and craves reference to the Policy.

## AS TO THE FOURTH CAUSE OF ACTION

42.     Responding to paragraph 61, STGC incorporates the responses of the foregoing paragraphs as if fully set forth herein.

43.     STGC denies the allegations contained in paragraphs 62, 63, 64, and 65, and craves reference to the Policy.

## FOR A SECOND DEFENSE

44.     The Complaint fails to state a claim upon which relief may be granted as to STGC, and therefore the Complaint should be dismissed as to STGC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FOR A THIRD DEFENSE

45.     The Complaint should be dismissed as to STGC because the Plaintiff has not suffered any damages covered by the Policy. Because this action is not ripe and there is no actual case or controversy before the Court as to STGC, the Complaint should be dismissed as to STGC for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## FOR A FOURTH DEFENSE

46.     The Plaintiff's claims are barred in whole or in part by the terms of the Policy, including the limitations, exclusions, and conditions of coverage contained in the Policy.

## FOR A FIFTH DEFENSE

47.     Plaintiff's claims against STGC should be dismissed on the grounds that Plaintiff's damages, if any, were caused by the actions or omissions of persons or entities other than STGC.

## FOR A SIXTH DEFENSE

48.     The claims in the Complaint against STGC are barred, in whole or in part, by the Plaintiff's actions, omissions, and/or failure to mitigate its alleged damages.

## FOR A SEVENTH DEFENSE

49.     Plaintiff's claims against STGC under the South Carolina Claims Practices Act, Sections 38-59-20 et seq., are barred to the extent that such statutes are not applicable and do not create private causes of action.

## FOR AN EIGHTH DEFENSE

50.     Plaintiff's claims for punitive damages against STGC are barred because the conduct alleged in the Complaint is insufficient as a matter of law to support an award of punitive damages.  Further, Plaintiff's claims for punitive damages are barred because any award of punitive damages against STGC would violate the due process clauses of the 5th and 14th Amendments of the United States Constitution and the corresponding provisions of the Constitution of the State of South Carolina, as well as the Equal Protection Clause of the 14th Amendment to the Unites States Constitution and the corresponding provisions of the Constitution of the State of South Carolina.

## FOR A NINTH DEFENSE

51.     STGC reserves the right to assert additional defenses as they become known.

WHEREFORE, having fully answered the Complaint, STGC pray that the Complaint be dismissed with prejudice as to STGC, and prays for such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        *s/* G. Trenholm Walker
        G. Trenholm Walker (Fed ID# 4487)
        Charles P. Summerall, IV (Fed ID# 4385)
        Walker Gressette Freeman & Linton, LLC
        P.O. Drawer 22167
        Charleston, South Carolina 29413
        Telephone: (843) 727-2200
        Facsimile: (843) 727-2238
        Email: Walker@WGFLLAW.com
        Email: Summerall@WGFLLAW.com

        *Attorneys for Defendant Stewart Title Guaranty Company*

Charleston, South Carolina
December 22, 2017