IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Prairie Son Properties, LLC, | ) Civil Action No.: 2:17-cv-2620-PMD |
| Plaintiff, | ) |
| v. | ) **THIRD-PARTY DEFENDANT** |
| | ) **ASSOCIATED INDUSTRIES INSURANCE** |
| | ) **COMPANY, INC.'S ANSWER TO WEEKS** |
| Weeks & Irvine, LLC and Stewart Title Guaranty Company, | ) **& IRVINE, LLC'S THIRD-PARTY** |
| | ) **COMPLAINT** |
| Defendants. | ) |
| Weeks & Irvine, LLC, | ) |
| Third Party Plaintiff, | ) |
| v. | ) |
| Associated Industries Insurance Company, Inc., | ) |
| Third Party Defendant. | ) |

Third-Party Defendant Associated Industries Insurance Company, Inc., ("AIIC") answering the Third-Party Complaint in the above-captioned action, denies all allegations in the Third-Party Complaint not specifically admitted below. AIIC responds to each numbered paragraph in the Third-Party Complaint as follows:

1. Admitted upon information and belief.

2. Admitted.

3. This states a legal conclusion to which no response is required; however, AIIC does not contest jurisdiction in this court.

4. Admitted.

5. AIIC craves reference to the Policies, which speak for themselves. AIIC denies any allegations inconsistent with the Policies. All other or contrary allegations are denied.

6. AIIC craves reference to the Policies, which speak for themselves. AIIC denies any allegations inconsistent with the Policies. All other or contrary allegations are denied.

7. AIIC craves reference to the Policies, which speak for themselves. AIIC denies any allegations inconsistent with the Policies. All other or contrary allegations are denied.

8. AIIC craves reference to the Policies, which speak for themselves. AIIC denies any allegations inconsistent with the Policies. All other or contrary allegations are denied.

9. AIIC craves reference to the Policies, which speak for themselves. AIIC denies any allegations inconsistent with the Policies. All other or contrary allegations are denied.

10. AIIC craves reference to the Policies, which speak for themselves. AIIC denies any allegations inconsistent with the Policies. All other or contrary allegations are denied.

11. AIIC craves reference to the Policies, which speak for themselves. AIIC denies any allegations inconsistent with the Policies. All other or contrary allegations are denied.

12. AIIC admits only that Weeks & Irvine discovered the Wrongful Act at issue before the renewal of the 2016-17 policy. All other or contrary allegations are denied.

13. Admitted upon information and belief.

14. Denied.

15. AIIC admits only that Weeks & Irvine did not disclose the Wrongful Act at issue here before the inception of the 2016-17 policy period. All other or contrary allegations are denied.

16. Denied.

17. Denied.

18. AIIC admits only that Weeks & Irvine is not entitled to coverage under the applicable policy. All other or contrary allegations are denied.

19.    This paragraph addresses only Weeks & Irvine's beliefs and legal conclusions to which no response is required. AIIC disagrees with all of the beliefs and legal conclusions set forth in this paragraph. To the extent a further response is required, denied.

## FOR A FIRST CAUSE OF ACTION

20.    All of AIIC's responses are hereby incorporated as if full set forth herein.

21.    Denied

22.    Denied

## FOR A SECOND CAUSE OF ACTION

23.    All of AIIC's responses are hereby incorporated as if full set forth herein.

24.    Denied.

25.    Denied.

## FOR A THIRD CAUSE OF ACTION

26.    All of AIIC's responses are hereby incorporated as if full set forth herein.

27.    Denied.

28.    Denied.

29.    Denied.

30.    AIIC denies that Weeks & Irvine is entitled to any of the relief set forth in the unnumbered "WHEREFORE" paragraph.

## AFFIRMATIVE DEFENSES

### FOR A FIRST AFFIRMATIVE DEFENSE

1.    Weeks & Irvine's claims are barred, in whole or in part, to the extent the Third-Party Complaint fails to set forth a claim upon which relief can be granted.

**FOR A SECOND AFFIRMATIVE DEFENSE**

2. The acts alleged to have been committed by AIIC were not the cause in fact, proximate cause, or legal cause of any damages alleged to have been incurred by Weeks & Irvine.

**FOR A THIRD AFFIRMATIVE DEFENSE**

3. Any damages sustained by Weeks & Irvine, if any, were proximately caused by individuals or entities other than AIIC.

**FOR A FOURTH AFFIRMATIVE DEFENSE**

4. Weeks & Irvine's claims are barred, in whole or in part, to the extent it failed to mitigate its damages, if any.

**FOR A FIFTH AFFIRMATIVE DEFENSE**

5. Weeks & Irvine's claims are barred, in whole or in part, to the extent the equitable doctrines of laches, estoppel, waiver, or unclean hands apply.

**FOR A SIXTH AFFIRMATIVE DEFENSE**

6. Weeks & Irvine's claims are barred, in whole or in part, to the extent that Weeks & Irvine's Wrongful Act is not covered based on the terms, definitions, limitations, and exclusions contained in the applicable policy issued by AIIC.

**FOR A SEVENTH AFFIRMATIVE DEFENSE**

7. Weeks & Irvine's claims are barred, in whole or in part, by the terms, definitions, limitations, and exclusions contained in the applicable policy issued by AIIC.

**FOR AN EIGHTH AFFIRMATIVE DEFENSE**

8. Weeks & Irvine's claims are barred, in whole or in part, as a result of its failure to comply with the conditions of the applicable policy issued by AIIC.

**FOR A NINTH AFFIRMATIVE DEFENSE**

9. Weeks & Irvine's claims are barred, in whole or in part, by the applicable statute of limitations and/or contractual suit limitations.

**FOR A TENTH AFFIRMATIVE DEFENSE**

10. Weeks & Irvine's claims are barred, in whole or in part, because there is no coverage for the claims made against Weeks & Irvine under the terms of the applicable policy issued by AIIC.

**FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

11. All of AIIC's acts were performed fairly, in good faith, and in compliance with the explicit and implied terms of the applicable policy issued by AIIC.

**FOR A TWELFTH AFFIRMATIVE DEFENSE**

12. AIIC's denial of Weeks & Irvine's claim for coverage was based on objectively reasonable grounds.

**FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

13. Weeks & Irvine's claim for punitive damages are barred, in whole or in part, because AIIC did not engage in any conduct rising to the level required to sustain such awards, and because an award of punitive damages would violate due process.

**FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

14. AIIC reserves the right to assert any other defenses that may become available or appear during discovery proceedings or otherwise in this case and reserve the right to amend its Answer to assert any such defenses

**WHEREFORE**, having fully answered the Third-Party Complaint of Weeks & Irvine, AIIC denies that Weeks & Irvine is entitled to any relief. AIIC prays that the Third-Party

Complaint be dismissed with prejudice, and that Weeks & Irvine recovers nothing from AIIC, that AIIC be awarded their costs and fees, and for such other relief as the Court may deem just and proper.

Dated: May 8, 2018                                   GORDON & REES LLP

                                                     By    *s/Henry W. Frampton, IV*
                                                           Peter G. Siachos (FED 7591)
                                                           E-mail: psiachos@grsm.com
                                                           Henry W. Frampton, IV (Fed 10365)
                                                           E-mail: hframpton@grsm.com
                                                           Megan M. McNeely (Fed 12070)
                                                           Email: mmcneely@grsm.com
                                                           170 Meeting Street, Suite 110
                                                           Charleston, SC  29401
                                                           Telephone: 843.714.2511
                                                           *Attorneys for Third-Party Defendant*
                                                           *Associated Industries Insurance Company,*
                                                           *Inc.*